IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANNY RILEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 12-671-GPM |
| ) | |
| **RANDY DAVIS,** ) | |
| **Dr. J. GARDNER,** ) | |
| **DENTAL ASSISTANT AMBER,** ) | |
| **and C/O JOHN DOE,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he had a problem with a wisdom tooth beginning in September, 2010, when he was incarcerated at Pinckneyville Correctional Center. He alleges that Dr. Gardner ignored his complaints of extreme pain and refused to give him effective treatment, and that both Dr. Gardner and Dental Assistant Amber caused him great pain by trying to extract his tooth even though they knew it could not be removed by them. He alleges that Correctional Officer John Doe refused to allow him out of his cell to attend a scheduled dental appointment. Lastly, he alleges that Warden Randy Davis' delay in processing his emergency grievance prevented him from receiving effective treatment sooner.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal claim against Defendants Dr. J. Gardner, Dental Assistant Amber and Correctional

Officer John Doe for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.  He has not, however, stated a claim against Warden Randy Davis.  A prison inmate has no constitutional right to have his grievance addressed.  **See,** *Massey v. Helman*, **259 F.3d 641, 647 (7th Cir. 2001);** *Antonelli v. Sheahan*, **81 F.3d 1422, 1430 (7th Cir. 1996).**   Therefore, any alleged delay in processing or responding to the grievance does not give rise to a constitutional claim.  Defendant Randy Davis will be dismissed with prejudice.

**Pending motions**

The Court **DENIES** without prejudice Plaintiff's motion for appointment of counsel. **(Doc. 2)**. There is no constitutional or statutory right to appointment of counsel in federal civil cases. ***Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010)**. Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" ***Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)**.  With regard to the first step of the inquiry, while Plaintiff indicates that he had contacted two attorneys, this does not constitute a diligent attempt to obtain counsel.  There is no indication that Plaintiff has been effectively precluded from obtaining counsel on his own.  As to the second step, on the record now before the Court, it appears that Plaintiff is competent to proceed without counsel, at least at this stage.  Plaintiff may choose to re-file this motion at a later stage in the litigation.

Plaintiff's Motion for Service of Process **(Doc. 4)** is **GRANTED**.  Service shall be made as set forth below.

Plaintiff's Motion for Leave to Proceed in Forma Pauperis **(Doc. 3)** will be ruled on in due course.

Plaintiff's Motion for Status **(Doc. 7)** is **DENIED as moot**.

**Disposition**

In summary, Defendant **RANDY DAVIS** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendant **Dr. J. GARDNER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendants **DENTAL ASSISTANT AMBER** or **C/O JOHN DOE** until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall

be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  If Plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 21, 2012.**


**s/ G. Patrick Murphy**
**G. PATRICK MURPHY**
**United States District Judge**