IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNY RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-671-GPM-DGW |
| ) | |
| DR. J. GARDNER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are Plaintiff Danny Riley's Motion to Amend the Complaint (Doc. 18), Motion to Compel (Doc. 19), and Motion to Appoint Counsel (Doc. 20). As set forth below, Plaintiff's requests to amend the complaint and for appointment of counsel are **DENIED without prejudice**. Plaintiff's Motion to Compel is found to be **MOOT.**

### MOTION TO AMEND THE COMPLAINT

Riley asks the Court to allow him to amend the complaint to add Wexford Health Sources as a defendant in the action. Riley informs the Court that he is unable to obtain the full names of other defendants in the action. He states that Defendant Gardner was employed by Wexford. He therefore asks the Court to substitute Wexford as a defendant because "they are responsible for what happened."

Riley's Motion to Amend is deficient for two reasons. First, he did not include with his motion to amend a proposed amended complaint that includes all claims against all defendants. Under SDIL-LR 15.1, a party seeking to amend a pleading must provide a proposed amended

pleading for the Court's review. Riley must do so before the Court will consider whether it will grant leave to file an amended complaint.

Second, Plaintiff may not substitute Wexford Health as a defendant under a theory of supervisor liability. The doctrine of *respondeat superior* is not applicable to a § 1983 action. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To state a claim against a given defendant, Plaintiff must allege that defendant was "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, the Motion for Leave to File an Amended Complaint (Doc. 17) is **DENIED without prejudice**.

## MOTION TO COMPEL

Riley asks the Court to issue an order requiring Wexford Health to provide him with the current address of Dr. Jon Gardner so that Gardner may be served process. Such an order is unnecessary at this time. Because the Court granted Riley leave to proceed *in forma pauperis*, the Court is responsible for serving the defendants. Defendant Gardner filed a waiver of service on September 24, 2012. His answer is due November 19, 2012. Thus, an order compelling Wexford Health to provide Plaintiff with Dr. Gardner's last known address is unnecessary. The motion is therefore found to be **MOOT**.

## MOTION FOR APPOINTMENT OF COUNSEL

Riley requested appointment of counsel at the outset of the case (Doc. 2), which the Court denied because Riley had not demonstrated that he had made a reasonable attempt to obtain counsel on his own (Doc. 11). Riley's current motion for appointment of counsel does not demonstrate that Riley has made a reasonable attempt to find counsel on his own since his first motion was denied. He states that he needs assistance finding an address for Dr. Gardner and

names of other defendants. As noted above, Dr. Gardner returned a waiver of service, so his last known address is unnecessary. Furthermore, Plaintiff's request for counsel is still premature. No defendant has answered the complaint. Until answers are filed, a scheduling order is entered by the Court, and discovery has begun, appointment of counsel is not warranted. Accordingly, Riley's second request for appointment of counsel is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED: September 25, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**