IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNY RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-cv-671-GPM-DGW |
| ) | |
| ) | |
| DR. J. GARDNER, AMBER, and JOHN DOE ) | |
| 1, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment filed by Defendant Jon Gardner on January 14, 2013 (Doc. 37). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**, that the Court find that Plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a), with respect to Defendant Gardner, that Judgment be granted in favor of Defendant Gardner and against Plaintiff at the conclusion of this suit, and that the Court adopt the following findings of fact and conclusions of law.

### INTRODUCTION

Plaintiff's complaint alleges that Defendants Gardner and Amber (a dental assistant) violated his Eighth Amendment rights with respect to the dental care he received starting in September, 2010. Specifically, Plaintiff alleges that these Defendants caused him pain and

suffering in an attempt to extract his wisdom tooth and that they failed to refer him to an oral surgeon. Plaintiff further alleges that Defendant John Doe is a correctional officer who refused to allow Plaintiff to attend a scheduled dental appointment. The only Defendant who has been served and who has appeared is Defendant Gardner. On January 14, 2013, Defendant Gardner filed a Motion for Summary Judgment (Doc. 37) arguing that Plaintiff failed to exhaust his administrative remedies. Plaintiff filed a response on February 7, 2013 (Doc. 42) and this Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on February 28, 2013 (Doc. 45). At the hearing, Defendant Gardner appeared by counsel and Plaintiff appeared, *pro se*, by videoconference.

## FINDINGS OF FACT

It is undisputed that Plaintiff was an inmate at the Pinckneyville Correctional Center during the relevant time period. On October 20, 2010, Plaintiff submitted a four-page grievance in which he complained about the dental care received from September 3, 2010 to October 19, 2010. The grievance culminates with a recounting of how the dentist was unable to remove his wisdom tooth and how the dental assistant warned the dentist to stop attempting to remove the tooth on October 19, 2010. The grievance was given emergency status on October 25, 2010 and it was reviewed on November 16, 2010 by Kim Deen, the grievance officer. Ms. Deen recommended that the grievance be denied because Plaintiff's dental concerns were being addressed and he was scheduled to see an oral surgeon. The Warden, Randy Davis, concurred with this conclusion on November 18, 2010.

Plaintiff testified that he submitted an appeal of the Warden's Decision on November 26, 2010 to the Administrative Review Board but that he received no response. Plaintiff indicated

(at the *Pavey* hearing and in an affidavit attached to his Complaint) that he attempted to appeal the Warden's decision by placing a stamped envelope containing his appeal in the space between his cell door and the frame – he was in segregation and could not mail the appeal himself – and that the envelope was picked up by a Correctional Officer "Warrack" on November 26, 2010. Plaintiff knew that it was Officer Warrack because he knew what day he had placed the appeals envelope in the door space, he knew that Officer Warrack worked on that day, and he particularly knew that the Officer was working overtime that day. Plaintiff further indicated that he actually saw Officer Warrack take the envelope on November 26, 2010. Plaintiff also testified that he did not follow up on the appeal because he was "told" by other unnamed people that the ARB was backlogged and he merely assumed that the ARB was in possession of his appeal. In anticipation of filing this suit, however, Plaintiff wrote an April 25, 2012 letter to the ARB concerning the appeal he had submitted in November, 2010. The correspondence was returned to Plaintiff by the ARB on April 30, 2012 as "not submitted in the timeframe."

In light of Plaintiff's specific testimony that he gave his appeal to C/O Warrack (who also goes by the name "Goldberg") on November 26, 2010, this Court directed Defendant to provide additional information to the Court, namely the work time records for Office Warrack from November 23, 2010 to November 30, 2010. In response, Defendant filed a report (Doc. 49) indicating that the Officer identified by Plaintiff is named Donald Wanack. Attached to the report is the affidavit of Peggy Doerschuck, an office assistant with the Illinois Department of Corrections in the Timekeeping Department of the Pinckneyville Correctional Center. Ms. Doerschuck avers that Officer Wanack was not scheduled to work on November 26, 2010 and that he was credited for the holiday because it was a regularly scheduled day off for the officer.

The timesheet attached to Ms. Doerschuck for Officer Wanack reveals that November 25 and 26, 2010 were "days off." The timesheet also reveals that Officer Wanack worked overtime on November 21 to 24, and 30, 2010.

This Court finds that Plaintiff did not appeal his grievance to the ARB in a timely manner and that he has failed to exhaust his administrative remedies with respect to the claims against Defendant Gardner.

### CONCLUSIONS OF LAW

The PLRA provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place,

4

and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v.*

*Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

At the hearing in this matter, Plaintiff specifically indicated that he saw Officer Wanack (Warrick) take the envelope containing his appeal on November 26, 2010. The record before the Court, however, reveals that Officer Wanack was not working on that date and could not have taken the envelope from Plaintiff's cell. While it is possible that Plaintiff may have been mistaken about the date, the Court finds that Plaintiff appeared confident in the specific date and officer involved. The Court also finds it beyond belief that Plaintiff waited more than 18 months to follow up on his appeal; and, the Court finds it particularly curious that Plaintiff did not file a grievance over the failure to Officer Wanack to submit his grievance. At the hearing, Plaintiff indicated that he did not follow up with the ARB because he just assumed that they had his appeal. On February 12, 2012, Plaintiff filed another grievance regarding another correctional officer whom Plaintiff alleges threw away another grievance for retaliatory reasons (Doc. 43-2, p. 8). That grievance was written only weeks before Plaintiff received notice from the ARB that it did not have a timely filed appeal of the grievance at issue in this case. Plaintiff, however, did not file a grievance regarding the lost appeal on Officer Wanack's involvement. It is clear that by April 2012, Plaintiff was fully aware that he could have filed such a grievance, there is no evidence, however, that he took that step. The Court finds this, in addition to the timesheets

mentioned above, to be an indication that Plaintiff did not in fact appeal his grievance to the ARB as he testified at the *Pavey* hearing.

### RECOMMENDATIONS

In light of the foregoing conclusion, this Court **RECOMMENDS** that the Motion for Summary Judgment filed by Defendant Jon Gardner on January 14, 2013 (Doc. 37) be **GRANTED**, that the District Court find that Plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a), with respect to Defendant Gardner, that Judgment be granted in favor of Defendant Gardner and against Plaintiff at the conclusion of this suit, and that the District Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 15, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**