IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANNY RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-671-GPM-DGW |
| | ) | |
| DR. J. GARDNER, AMBER, AND JOHN DOE 1, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Compel filed by Plaintiff on February 25, 2013 (Doc. 44). The Motion is **GRANTED IN PART**. Plaintiff seeks a Court Order directing the Pinckneyville Correctional Center to identify "Amber" and John Doe 1, the correctional officer who allegedly refused to allow Plaintiff to go to a dental appointment. At the hearing on February 28, 2013, pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), this Court directed Defendant Gardner to provide the full name of Amber. In compliance with that Order, Defendant identified Amber Bathon, a dental assistant employed by Wexford Health Sources, Inc. and assigned to Pinckneyville Correctional Center, as the dental assistant identified by Plaintiff. In light of this information and in order to determine the identity of John Doe, the following his hereby **ORDERED**:

1. The Clerk of Court shall prepare for Defendant **AMBER BATHON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place of employment, the Pinckneyville Correctional Center. If Defendant Bathon fails to sign and return the Waiver

of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Ms. Bathon, and the Court will require that Ms. Bathon pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Ms. Bathon no longer can be found at the Pinckneyville Correctional Center, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

2. Plaintiff indicates that the John Doe Defendant is employed by Pinkneyville Correctional Center, that he is a correctional officer who worked on September 27, 2010 on the 7 to 3shift in Housing Unit 3 D-Wing. Within **21 days** of this Order, Pinckneyville Correctional Center **SHALL** provide the Clerk with the name and contact information for Defendant John Doe using the above information provided by Plaintiff. This information shall be used by the Clerk only for effecting service on this Defendant. Any documentation of the addresses shall not be maintained in the court file or otherwise disclosed by the Clerk. If Pinckneyville Correctional Center cannot identify the John Doe Correctional Officer with the information above, it shall so inform the Court within the time limit above.

**IT IS SO ORDERED**

**DATED: April 18, 2013**

                **DONALD G. WILKERSON**
                **United States Magistrate Judge**