IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNY RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-671-GPM |
| ) | |
| DR. J. GARDNER, AMBER BATHON, ) | |
| and JOHN DOE 1, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 57), recommending this Court grant Defendant Dr. Jon Gardner's ("Dr. Gardner") motion for summary judgment and find Plaintiff failed to exhaust his administrative remedies prior to filing this 42 U.S.C. § 1983 suit. Plaintiff timely filed his objections on April 18, 2013 (Doc. 60). Dr. Gardner did not file a response.

Since timely objections have been filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. §§ 636(b)(1)(B), (C), FED. R. CIV. P. 72(b); SDIL-LR 73(1)(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993). In doing so, the Court "need not conduct a new hearing on the entire matter, but must give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id.* (emphasis added) (citations omitted). The Court has the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the

following reasons, the Court adopts in part and modifies in part Magistrate Judge Wilkerson's Report and Recommendation.

## BACKGROUND

Plaintiff Danny Riley is currently incarcerated at Pontiac Correctional Center (Doc. 11). He filed the instant lawsuit under 42 U.S.C. § 1983 alleging Defendants were deliberately indifferent to his serious medical need while he was incarcerated at Pinckneyville Correctional Center ("Pinckeyville") (Doc. 11). Specifically, Plaintiff claimed that Dr. Gardner, the dentist at Pickneyville, ignored his complaints of extreme pain and refused to give him effective treatment (Doc. 11). Plaintiff also claimed that Dr. Gardner and his assistant, Amber, attempted to extract Plaintiff's tooth despite knowing that they could not remove it (Doc. 11). Plaintiff also claimed that Correctional Officer John Doe 1 refused to allow him out of his cell to attend a scheduled dental appointment (Doc. 11). Plaintiff's claim against Dr. Gardner, Amber, and John Doe 1 survived threshold review (Doc. 11).

Dr. Gardner subsequently moved for summary judgment claiming that Plaintiff failed to exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA") because Plaintiff did not timely appeal the denial of his grievance to the Administrative Review Board ("ARB") (Docs. 37, 38). Upon consideration of Dr. Gardner's exhaustion argument, Judge Wilkerson held an evidentiary hearing on February 28, 2013 in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

It is undisputed by the parties that Plaintiff submitted one grievance, dated October 20, 2010, concerning the dental care that he received at Pickneyville (Doc. 57). It is also undisputed that Plaintiff's grievance was reviewed by the Grievance Officer on November 16, 2010, and she

recommended denying Plaintiff's grievance; the Warden concurred with the Grievance Officer's recommendation on November 18, 2010 (Doc. 57). According to Plaintiff, on November 26, 2010, he submitted an appeal of the Warden's decision to the ARB by placing a stamped envelope containing his appeal between the cell door and the frame, and he saw Correctional Officer Wanack take the envelope (Doc. 57). It is undisputed by the parties that Plaintiff did nothing to follow up on the appeal until April 25, 2012 when Plaintiff wrote a letter to the ARB inquiring about the status of his appeal (Doc. 57). On April 30, 2012, the ARB returned Plaintiff's correspondence regarding his appeal as untimely (Doc. 57).

Based on the arguments and evidence before the Court, the applicable law, and the administrative requirements, Judge Wilkerson concluded that Plaintiff did not appeal his grievance to the ARB in a timely manner, and therefore failed to exhaust his administrative remedies with respect to his claims against Dr. Gardner (Doc. 57).

## DISCUSSION

**A. Exhaustion of Administrative Remedies Under the PLRA**

The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is an affirmative defense that the prison officials have the burden of proving by a preponderance of the evidence. *See, e.g., Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). As an inmate confined with the Illinois Department of

Corrections ("IDOC"), Plaintiff was required to follow the regulations contained in the Illinois Administrative Code to properly exhaust his claims. ILL. ADMIN. CODE tit. 20, § 504.800, et seq. Under the procedures set forth in the Illinois Administrative Code, an inmate must generally submit their grievances through a sequential process, concluding with an appeal in writing to the Director of the IDOC, by way of the Administrative Review Board ("ARB"). *See* ILL. ADMIN. CODE tit. 20, §§ 504.810, 504.830, 504.850; *see also Dole v. Chandler,* 438 F.3d 804, 806–07 (7th Cir. 2006). After receiving the appeal, the Director has 6 months to issue a decision. ILL. ADMIN. CODE tit. 20, § 504.850(f).

**B. The Report and Recommendation & Plaintiff's Objection**

In his Report and Recommendation, Judge Wilkerson concluded that Plaintiff failed to exhaust his administrative remedies with respect to his claims against Dr. Gardner (Doc. 57). Judge Wilkerson found that Plaintiff did not in fact appeal his grievance to the ARB (Doc. 57). At the *Pavey* hearing, Plaintiff specifically testified that he saw Officer Wanack take the appeal out of his cell door for the mail; that the date was November 26, 2010; and that Officer Wanack was working overtime that day (Docs. 57, 59). However, time records reveal that Officer Wanack did not work on November 26, 2010 and could not have taken the envelope containing Plaintiff's appeal (Doc. 57). Judge Wilkerson implicitly found that Plaintiff was not credible because his testimony was inconsistent with the time records (*See* Doc. 57).

Judge Wilkerson also found Plaintiff's assertion that he submitted an appeal to the ARB was undermined by other evidence. First, Plaintiff waited almost 18 months to follow up on his appeal to the ARB. If Plaintiff had in fact mailed his appeal to the ARB in November 2010, he should have received a response from the ARB by May 2011, but it is clear that he did not.

Plaintiff then waited almost a year, until April 2012, to inquire about the status of his appeal. Second, once Plaintiff learned that his appeal was never received by the ARB, he did not file a grievance regarding the lost appeal. It is clear Plaintiff knew that he could have filed such a grievance because he had done so on at least one other occasion.

Plaintiff objected to Judge Wilkerson's finding that he did not appeal his grievance to the ARB (Doc. 60). Plaintiff maintains that Officer Wanack took the envelope containing his appeal, and argues that he was merely mistaken as to the date (Doc. 60). Plaintiff also appears to suggest that he waited so long to follow up with the ARB because he simply assumed that his appeal had been mailed, and he did not even consider the possibility that it could have been mishandled (Doc. 60).

However, the Court agrees with Judge Wilkerson's conclusion that it appears more likely than not that Plaintiff did not exhaust his administrative remedies. The Report and Recommendation considered that Plaintiff may have made an honest mistake regarding the date he allegedly submitted his appeal to the ARB, but Judge Wilkerson dismissed that possibility based on Plaintiff's confidence in the specific date and officer involved. Judge Wilkerson's credibility determination is entitled to deference because he actually heard the testimony and observed the demeanor of the witness. *Smith v. Schwartz*, 10-CV-721, 2012 WL 1600559, at *3 (S.D. Ill. May 7, 2012); *Titus v. Swalls*, Case No. 07-CV-0614, 2010 WL 3842402, at *2 (S.D. Ill. Sept. 27, 2010). Plaintiff's assertion that he submitted the appeal to the ARB is further undercut by the fact that he allowed an inordinate amount of time to elapse without following up on his appeal, and also never filed a grievance over the lost appeal. There is little or nothing to bolster Plaintiff's contention that he did submit an appeal. Therefore, this Court finds that Plaintiff did not submit

an appeal to the ARB, and consequently failed to exhaust his administrative remedies prior to filing suit. Accordingly, Defendant Dr. Jon Gardner is dismissed from this action with prejudice.

## C. Defendants Amber Bathon and John Doe 1

Dr. Jon Gardner was the only Defendant who moved for summary judgment against Plaintiff, and Judge Wilkerson's Report and Recommendation only addressed whether Plaintiff failed to exhaust his administrative remedies with respect to Dr. Gardner. However, the Court concludes that Plaintiff also failed to exhaust his administrative remedies with respect to Defendants Amber Bathon and John Doe 1.

A judge may grant summary judgment in favor of all defendants even if only some defendants have moved for summary judgment. *Hunger v. Leininger,* 15 F.3d 664, 669 (7th Cir. 1994) (citations omitted), *cert. denied,* 513 U.S. 839 (1994). A court may take this *sua sponte* action "where nonmoving defendants are in a position similar to that of moving defendants or where the claims against all the defendants are integrally related." *See Bonny v. The Society of Lloyd's,* 3 F.3d 156, 162 (7th Cir. 1993), *Rosser v. Chrysler Corp.,* 864 F.2d 1299, 1304 (7th Cir. 1988); *Ford v. Page*, Case No. 00-C-4592, 2002 WL 31818996, at *3 n.4 (N.D. Ill. Dec. 13, 2002); *Dugan v. Washington*, 99 C 4382, 2001 WL 741626, at *1 n.1 (N.D. Ill. June 11, 2001).

Plaintiff's claim against Amber, Dr. Gardner's dental assistant, survived threshold review (Doc. 11), but she had not yet been served at the time of the *Pavey* hearing. At the hearing, the Court directed Dr. Gardner to provide the full name of Amber (Doc. 61). In compliance with that Order, Defendant identified Amber Bathon, a dental assistant employed by Wexford Health Sources, Inc. and assigned to Pinckneyville Correctional Center, as the dental assistant identified

by Plaintiff (Doc. 61). After the entry of the Report and Recommendation, Amber Bathon was served and she filed her answer to Plaintiff's complaint (Docs. 64, 65). Plaintiff's complaint against Amber Bathon arose from the same incidents, and is contained within the same October 20, 2010 grievance, as his complaint against Dr. Gardner. Therefore, the claims against Amber Bathon are integrally related to the claims against Dr. Gardner, and if appropriate, the Court can grant summary judgment in favor of her based on Dr. Gardner's motion. As stated above, the Court found that Plaintiff failed to exhaust his administrative remedies with respect to the October 20, 2010 grievance and granted summary judgment in favor of Dr. Gardner. Accordingly summary judgment is also granted in favor of Defendant Amber Bathon. She is dismissed from this action with prejudice.

The Court arrived at the same conclusion for Defendant John Doe 1, but for a slightly different reason. Plaintiff alleged that he had a dental appointment on September 27, 2010 but John Doe 1 refused to allow him out of his cell to attend the scheduled appointment (Doc. 11). At the *Pavey* hearing, Plaintiff testified that he never filed a grievance regarding this incident, nor did he include it in his October 20, 2010 grievance (Doc. 59). Therefore, by Plaintiff's own admission, he failed to even begin the process required to exhaust his administrative remedies with respect to his claims against John Doe 1. The Court finds it would serve no purpose to require Pickneyville to identify John Doe 1 and to go through the motions of completing service when Plaintiff has no claim against John Doe 1. Accordingly, summary judgment is granted in favor of Defendant John Doe 1. He is dismissed from this action with prejudice.

## CONCLUSION

For the reasons set forth above, Plaintiff's objection to the Report and Recommendation is

**OVERRULED**. The Report and Recommendation of Magistrate Judge Wilkerson (Doc. 57) is **ADOPTED** in part and **MODIFIED** in part. Defendant Jon Gardner's motion for summary judgment (Doc. 37) is **GRANTED**. Summary judgment is also **GRANTED** in favor of Defendants Amber Bathon and John Doe 1. Accordingly, Plaintiffs claims against all Defendants are **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: June 19, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge